the Honorable the judges of the United States Court of Appeals for the Fourth Circuit oh yeah oh yeah oh yeah all persons having any manner or form of business before the Honorable the United States Court of Appeals for the Fourth Circuit are admonished to draw nigh and give their attention for the court is now sitting God save the United States and this Honorable Court thank you Chief Judge Gregory and may it please the court the district court drastically depart from the party presentation principle when it pressured the government to reconsider its support for mr. Mangarella's motion initially the government support supported the motion because mr. Mangarella was the perfect candidate for compassionate release he was a 66 year old with several debilitating health conditions and an excellent disciplinary record who had moved from his prison's medium security facility to a low security one as the government stated his 14 years served in prison were sufficient to satisfy the section 355 3a factors for his nonviolent crime but the district court did not like the government's position so the court ordered a hearing sua sponte in which it pushed the government to withdraw its for mr. Mangarella's motion thereby violating the party presentation principle after the government changed its position at the courts behest the district court compounded this party presentation error by failing to explain why mr. Mangarella's post sentencing mitigating evidence did not support release this court should reverse the district court vacate its order and remand with instructions to grant the compassionate release motion counsel can I talk to you about your proposed remedy what do you mean you want us to grant a compassionate release motion yes your honor we would that work so we we would request for you to order the district court on remand to grant the motion is but as I understood the motion it turned very much on kovat risk right that was the compelling exceptional and compelling circumstances I mean that all has changed since this was first argued it would with the parties have a chance to this is my concern circumstances have changed there are parts of your motion that you know may not pertain in exactly the same way today which is not to say that compassionate release might not be warranted but the precise circumstances are different so I'm just confused as to you want us to sort of freeze this in time as of 2020 well yes your honor we we don't want to freeze in time in 2020 under normal circumstances what we think is appropriate here though because the district court should have released mr. Mangarella in 2020 is to grant the motion because of the circumstances at that time and we recognize that the circumstances have changed and in the alternative if the court will not grant the motion we'd ask for a remand to a different district judge but but that was our concern was that the the error happened in 2020 and mr. Mangarella should have been released two years ago and so we thought we think that the court should has the authority to and should grant the motion well the district court could have just denied the motion anyway without even asking the with you and the court can overrule both of you so of course do you have the authority I mean the government wasn't making the decision the court was making the decision so courts have authority to make decisions your honor but what courts have to make the decisions all they're doing the parties take positions that's correct your honor and you had the government agreeing with you and the court thought sound to me like that the government was taking inconsistent positions in different cases it was speaking with a fork of tongue and it asked him the questions about it of course couldn't do that so just King courts can ask questions about cases but what courts cannot do is pressure parties especially the United States believe in that and then when the government changed its position and that didn't mean that the court was still had to go along with the government and or with you the court has to rule that's correct if you and if you both agree the court can turn it down if you and you most time lawyer disagree but courts have to rule for one way or another so your honor I do think that in general court should when the parties are agreement I think that court should follow the courts they hear in this situation they hear from a lot of defendants maybe similarly situated or not and he was concerned it sounded to me like that the government was taking an inconsistent position in this case with the position that had taken in other cases and it was exploring that possibility how do you explain this and they brought up a got a DOJ memorandum supposedly that supported what the government was doing and of course let me see the memorandum and government said well judge we can't show you the memorandum and then they said we'll he said we'll check and see if you can show me the memorandum they came back and again told me could join the memorandum they so they told him that our position supported by a government DOJ memorandum Department of Justice memorandum on these things that we can't show you so judge King to that point the the court ultimately agreed with that position in the memorandum. I agree a hundred percent with this party presentation point that you're trying to get under I mean that that's the way the system adversary system works it should work that way but the government the court has an obligation or there's nothing wrong with exploring whether the government which is in bunch of these cases is being consistent in the way it treats prisoners with these kinds of motions. So judge King I agree that courts have authority to question the parties but we don't agree with is that what the court did here where it it made clear that it did not want Mr. Mangarelle to be released and said that the that the government was allowing an extraordinary windfall to happen in this case was said that we should instead order solitary confinement and ultimately he he agreed that the government conceded the section 355 3a factors here but he still asked them to reconsider even recognizing that concession and also I would point the court's attention to the fact that in both the in the hearing and then afterward the court didn't question the defendant to make a similar point on the government and ask the government alone to reconsider its position. That's not a normal circumstance where you're asking for supplemental briefing so that so I understand the court's concerns but I think that looking at the record in this case in totality the court can see that the district court abused its discretion and drastically departed from the party presentation principle. Counsel can I ask you a question about the hearing because unlike the lawyers in the moment I had the luxury of reading it several times to try to figure out what is really happening here and it seemed to me that what the district court was really objecting to was the fact that the government in applying the 3553 a factors took account of COVID risks there. The district court thought the government was sort of double counting. It's fine to look at it for purposes of extraordinary and compelling circumstances but that's it and he district court kept asking the government apart from COVID if you take COVID out of it explain to me why the 3553 a factors are now now lead to a different result than they did at the original sentencing. If that's what was going on that's like a whole separate substantive problem right because that's incorrect you do have to consider COVID under the 3553 a factors right? Yes judge Harris that that's correct and and I would also point to the government's initial supporting response. They made that very clear. Yeah they made that clear that we're looking both at the health conditions and we are also looking at Mr. Mangarell's record and the fact that he has been an exemplary prisoner and he was the only person in 20 years to move from a medium security facility to a low security one so we're not talking about a high-risk individual here who had completed violent crime and he did have a high risk of dying from COVID-19 and we in the court never focused on that either really in this hearing at all and certainly not its order where it the court entirely looked at his prior criminal history and the crime in this case without looking to his significant efforts towards rehabilitation. Mr. Mangarella had worked very hard to do so and that and that is part of the reason that there is a the court made a separate error by failing to consider the mitigating evidence in this case because as this court has said in Martin and McDonald district courts must address mountains of mitigating evidence showing good conduct to explain why the defendants attempts at rehabilitation were futile and all five defendants across those two cases once the district courts looked at the rehabilitation the evidence showing rehabilitation granted the motions that the defendants had brought but here the district court did not do any of that if you look at the order it's unclear why Mr. Mangarella who was at a high risk of dying from COVID-19 and who has worked very hard to rehabilitate himself why all that didn't matter to the district court the district court only said that there were some laudable examples of good conduct but did not address health at all and that since itself was taken from the government's brief so we think that we think first there was the party presentation error and how the district court should reverse on that and grant the motion but we also think that this failure to consider mitigating evidence warrants reversal as well Mr. Mangarella has served a very significant sentence is now 16 years that's much more than most the most defendants who are in his same circumstance but I thought there was a finding here by the judge this was the worst white-collar situation he'd ever seen that that was what the district and they gave him 600 months and then they they we remanded it or something and they found out that it violated an extradition treaty that's and he got a reduction to less than half of that right not not quite half of that your honor was it half of the 600 months came off it was it was a little under already but this was a massive fraud scheme it was white-collar yes it's a massive white-collar case yes there are but I would also point to in the judge says the worst he'd ever seen and this is a judge who had vast experience in the criminal process on both sides and as an assistant US attorney and as United States attorney and as a district judge worst he'd ever seen that's correct that the judge said that your honor but I would also point to that you know in Ron and WorldCom scandals as examples where every defendant in those cases would you know the loss amount was a hundred million into the billions was the range was 10 to 25 years for all the defendants there so and fewer than 3% of people who commit any white-collar crime who are in the same criminal history category as mr. Mangarella served even 10 years and and but with that even you know knowing that this was a significant crime mr. Mangarella has been a model citizen in based on compassionate release he the district court and the government essentially have gone back on the promise to Costa Rica because on at his current pace with his health he it is unlikely that he will be able to leave prison within the next by the time he's supposed to be released so with that we asked the court to reverse the district courts error on remand with instructions for the district court to grant his moat mr. Mangarella's motion for the court has no further questions I'll reserve the remainder of my time for rebuttal thank you mr. Tiger good morning your honors may it please the court Ross Goldman for the United States I think I want to start with what I think the party's dispute with respect to what actually happened at the August 5th hearing the mr. Mangarella in his opening briefing reply frames what the district court did here is asking the government or directing the government to quote reconsider its position or to go back and file a paper that opposes compassionate release that's simply not true the district court for example never used the word reconsider what the district court did at the hearing is make two points abundantly clear one the district court was I think a bit confused and or concerned about a in this case in the government's was there an inconsistency because I I don't I didn't see what he was talking about it's not it's not immediately apparent from the record what the district court judge was talking about if I can speculate for your on the government lawyer at the telephonic hearing said there is no inconsistency this is the position we take in every case yes it's I don't not sure if they were talking slightly past each other I don't know one one this is speculation your honor that the don't speculate didn't you didn't the government lawyer said that this was not inconsistent no that's correct okay well that's the question but now you want to speculate we don't need speculation here at the appellate court level I don't have a little record and she asked you a question judge asked you about the record and you answered that down you're proceeding to speculation I'm happy not to speculate or and I I think I was only making the point that the government statement at the hearing that there was no inconsistency I think was in respect to or with respect to consistency as to the Department of Justice guidance memoranda following the guidance and every correct and I think judge Whitney was talking about inconsistency in ultimate positions the government was taking in these cases but why I mean I don't even understand and with no disrespect to anybody involved of course you come to different conclusions with respect to the ultimate result they're different people and you have to do an individualized assessment how is that in inconsistency in any meaningful set and in the legal sense of the word I'm honestly not sure your honor I don't think it's spelled out in the hearing I don't think judge Whitney articulated exactly the underlying basis for that concern but but he did say that was a concern of his the other concern that judge Whitney raised at the hearing was a concern that the United States had not sufficiently in his view explained why the 3553 a factors favored a grant of compassionate release here in the government's initial response all the United States said was that in the context of the pandemic the 14 years that mr. Mangarella had served was enough under the 3553 a factors and that's it and not all the government said with respect to the 3553 a factors in the government's initial response the government talked about his minimal disciplinary history his plan for explained that um 14 years is sufficient not because the underlying conduct has changed but what has changed is an environment where he's serving his sentence and now the sentence will include a significant risk of death or serious illness that seems like a pretty thorough explanation to me we take explanations far less thorough than this as sufficient or I guess my point is if the United States in so far as the government was explicitly tying its reasoning for granting release to the 3553 a factors it was largely tied to kovat concerns so this is my big concern about this case as I understand the district court the district court was of the view that it was inappropriate to consider the kovat risk under the 3553 a factors and I thought the district court made that clear a couple of times particularly when it said I need you to explain to me why apart from kovat we have a different result under the 3553 a factors at the time our law this was perhaps less clear as we stand here today that's just wrong right you do have to consider kovat under those I certainly would not dispute that what I think I would dispute your honor is I don't think that the district court was saying kovat is not a relevant consideration under 3550 saying apart from kovat because why do you get to a referring to here was the remainder of the 3553 a factors including including the nature of the offense and mr. Mangarella's criminal history and I think it's important to note here and the Supreme Court made this clear in Chavez Mesa the district court judge here was the same district court judge who presided over the mr. Mangarella's trial his original sentencing the resentencing in the collateral proceedings and at page 206 and 207 of the of the appendix which is the transcript of the August 5th hearing the references the fact that it had presided over these proceedings and well remembered what it said about this case including that this was one of the most heinous white-collar crimes the court had ever seen multiple hundreds of victims millions and millions of dollars of fraud possessed a gun and furtherance thereof was an organizer or leader the district court recalled all this the other thing that just brought that up counsel because are you familiar with the judges handling a coded collateral case on the same facts in this case I'm sorry the Pilegri Pilegi case are you familiar with that case I'm familiar with the initial fact that his mr. Pilegi sentence was vacated are you familiar with the sentencing we came here and we vacated it yes you mean what we we did we reassign the case to another judge yes do you know the circumstances for that I know that what what this court said in the in the context of reassigning was in part because the district court judge said that there said that there's under no circumstances could the judge imagine the defendant living a law-abiding life again and that was one of them and the fact that that statement was would indicate that that judge had not held the case it was that assigned when it was that plus it was that plus the representation about the extradition tree that turned out to have been mistaken those were the two things this court said in its opinion remanding and reassigning that case it was reassigned because of what what this court said in that case why I was reassigned correct is is a statement that the district court judge had made with respect to not not believing that the defendant there could ever live a sort of behave in a law-abiding way but it was not just because of that defendant because of what that defendant did correct I don't in the reassignment part of the court's opinion I don't believe it's spelled out in much detail I believe there's just a couple of sentences explaining the reassignment there well what was the statement just I I don't do not believe that a man could target elderly elderly individuals and deprive them of their life savings would be a productive citizen at any time in his life but wasn't it the conduct that led to that conclusion they were co-conspirators I mean it was very similar for the conduct correct it wouldn't that conduct be the same here yes okay so we have a context with this judge in terms of feeling about this conduct in this crime correct well I suppose we have a context for this judge view about this crime don't we we certainly do and we do have a courts based upon that reassign the case to another judge is that right but is that right yes yes and this now you talked about what happened at the hearing what happened before the hearing with the judge and the government nothing were they told to who the contact anything I mean the United States the July 20 motion was filed the United States responded then on it later in July of 2020 on August 4th the district court notices a hearing for the following day and then the August 5th hearing happens so you had so the government had no idea what that hearing was gonna be about well no I mean the district in the one paragraph notice of the hearing said the court is concerned that it perceived some kind of inconsistency and wanted a hearing at which the United States the court did the court indicate who needed to be at the hearing the court said that's a United States attorney or a designee needed to be there that's all those are the two points of the hearing right that the court perceived inconsistency and wanted a representative from the United States Attorney's Office to be there and is this because the the lawyers who had filed the original response did they work at main justice in the fraud section that's correct so the judge is saying I don't want to deal with those people anymore give me my local people I mean in some ice more or less I'm sorry I don't again I don't mean to suggest nothing normative I'm just trying to figure get my hands around that's what that is what happened the district court wanted to hear from a representative the United States Attorney's Office can I ask you a question because I'm trying to figure out how much of the disagreement here is sort of factual versus legal and I understand that you and your colleagues sort of read the record differently about what happened but if hypothetically what happened was that the district court told the government I disagree with your position and I want you to reconsider it and then in ruling it adopts that new position would that violate the party presentation rule in your view with no and I'm accepting your of course right exactly I'm asking you know it would not in the reason is this the party presentation principle and I think you see this very clearly in sending Smith is really geared toward an appellate court sort of engaging in issue spotting and in placing it as something at issue that had not to that point been at issue in this case and so that's you know in sending Smith it was the First Amendment over breadth challenge that the Ninth Circuit put front and center after briefing an argument had already happened in this case we're talking about which way the 3553 I 3553 a factors cut that not only is that determination the district court was statutorily required to make it under section 3582 but mr. Mangarella had put the 3553 a factors squarely in dispute in his motion in the United States albeit not sufficiently for the district court judge but similarly referred to that so when the district court tells the United States I need more information and I would just say it I'm sorry my hypothetical is not I need more information it's I want you to the issue is still in the case so I okay and that I think whatever else that may be it's not a violation of party presentation maybe we should talk about what else it might be because I understand what you were saying that a lot of the party presentation cases are about the authority of a court to reach out to a spawn date to consider an issue what happened here seems magnitudes worse to me that's one thing the court reaches an issue so a spawn day it's all open there's full transparency about what happened what happened here on my hypothetical seems much worse to me because now you have it's like a sham proceeding you have a district court judge instructing one of the parties what to say it's like some kind of Soviet style I want you to recant your position that seems in terms of accountability and transparency and the way the system is supposed to work it just seems much worse to me then you know a court suespanti reaching an issue that wasn't maybe properly before it so this is where I think if your honor will allow I don't think that's what happened here and I think it's and I think it's meaningful that that's not what happened here I the more we get to a circumstance where district court is particular positions in litigation no dispute your honor that becomes more problematic I don't think that's what happened here and at page 250 of the Joint Appendix this is the courts basically final word the court says quote the court is trying to be informed and and and I just think it's important to note too and this is goes back to something that judge King said earlier the district court didn't need the government's opposition in order to deny the motion it's a lot easier though right if you're denying a motion for compassionate release where all the parties agree compassionate release is warranted you're gonna have to do a lot more explaining than if you're just adopting the government's position I don't know if that's true your honor especially in this case again the district court judge in the district court is right about this says at page 207 of the appendix the judge knew this case better than anyone the trial prosecutors were gone the district court judge is the individual who lived with this case the longest and well knew the some of these materials are sealed you know the court no doubt knows the criminal history what it involved with respect to his family members the district was well aware of that and appropriately accounted for that and was well aware and well remembered the nature and circumstances of the offense here and so really what happened here is contrary to this sort of Soviet style system that I that your honor was hypothesizing here the district court judge was charged by statute with making a discretionary determination and believed it needed more information in order to properly exercise its discretion and simply asked for it that's what happened here and just if I can round out this point about the district court judge not needing the government's opposition you know a counter example which may sort of emphasize the point a little bit is under 18 USC 3553 e for a district court to sentence below a mandatory minimum there the government has to first file a motion in that kind of circumstance the district court needs the government to do something in order to empower the district court judge to reach a result the court believes is appropriate that is manifestly not the case here where the district court judge could well have denied the motion even if the the judge had lived with the first the first submission and so in mr. Mangarella says in his reply brief at page 1 and again at 3 and 4 if only the government had filed the second submission the court would have granted the motion there's no legal reason why that's true because courts are not authorized are not required to accept government concessions in criminal cases but there's not even really a factual basis for thinking that's true because again the district court well knew the nature and circumstances of this offense in this defendants criminal history and made findings on the record and if I can segue to the the X the sufficiency of the explanation here at the district court said that there were some laudable examples of post sentencing conduct so not only did the court note that mr. Mangarella had proffered some such examples but the court actually credited them by sort of at least assuming by saying although there are some laudable examples that makes that that alone makes this case different than Martin and McDonald which were cases in which this court said that there was no explanation for the sentence or no recognition on the part of the district court that there were even these post sentencing acts of mitigation that were subject to consideration so although the court did not clearly go on at length about these factors the court didn't say anything about the kovat risk under the 3553 a factors and that was the whole crux of the motion well that that was the crux of the motion but I think everyone sort of understood at the time that that was principally important not not only to be sure principally important to the mr. Mangarella's ability to establish extraordinary compelling reasons for the compassion of the main reason the government had given in its first response for why the 353 a factors favored release and it was a big part of the defendants argument and the district court never mentions it so I I don't know how big a part it was of the United States is submission means certainly the kovat context was relevant it was I mean I basically read you the government's and it was a big part of it so it was a big part of the analysis was I think rather truncated unfortunately in that first submission but more to the point I think just stepping back if I can the fundamental inquiry and this comes from Chavez Mesa and you know all of this court's explanation decisions is whether the district court said and did enough to facilitate this court's ability to conduct meaningful appellate review the district court referenced that in its order denying compassionate release the district court referenced the the health considerations at the start of in its discussion of this sort of setting up the background of the motion so to be sure your honor the court didn't circle back and sort of the back end of its opinion was explaining why it was denying the motion to say you know although he has these health conditions I still find that the nature of the offense the criminal history the need to deter etc counsel against granting release but I think this court can fairly infer well I I take your point and in cases like I think it's high like you know you look at the whole context and everything what worries me again is these statements at the hearing the district court made and I understand it's this has been a very helpful conversation for me and I understand what you're saying about there might be different ways to interpret them but I do have a concern that one way to interpret them is that this district thinks one ought not look at Kovac twice you look at it for the first step extraordinary and compelling reasons you don't look at it again under 3553 a and in light of that and then the district court doesn't mention the Kovac risk under 3553 a I worry that this may be the sort of unusual case where it is not obvious to me that the district court actually considered Kovac risk under 35 53 a so that would be I think um if I understand you're on right maybe hypothesizing a legal error that the district court made and thinking that Kovac I'm just you know I don't think the record really bears that out I the way that the most reasonable reading of the August 5th transcript in our view is that the district court understood the United States's initial submission to be principally focused on Kovac as not just crossing getting him through the extraordinary compelling reasons threshold but as also kind of resolving the the 3553 a inquiry and I think what the district court is saying at the hearing is okay you've told me that you think the Kovac issues under 3553 a counsel in favor of release but but what about the rest of 3553 a and so when the district court is saying you know at page 210 wanting an explanation of quote why mr. Mangarelle without any explanation is entitled to reduction of sentence under 3553 a not kovat 19 issue but the 3553 a issue I think what the court there is saying is everyone knew that mr. Mangarelle had these health concerns they were not disputed the United States never disputed that these health concerns never walked back its initial assertion that's it I see what you're saying okay and I might be prepared to read it that way had the district court mentioned kovat 19 when it went through the 3553 a factors instead I mentioned everything else but not kovat 19 and so I to me when you put them together it at least raises a question as to whether this district court actually considered covert 19 under the 35 I do understand what you're saying you could maybe read the transcript by itself either way but then it becomes sort of a notable omission when you get to the district courts discussion of the 3553 a factors and I mean if the question is can an appellate court meaningfully review this I guess just kind of cards on the table I have a real concern I don't actually understand what happened here and that makes it hard to meaningfully review it understand what happened here with respect to the whether or not the district court consider kovat 19 under the 3553 a factors because there is language in the transcript that I think is ambiguous as to whether the district court thought that would be appropriate and then the district court doesn't mention it and when I put those two things together I am left with a question right I understand your honor I mean I again our submission to the court is that reading the record in its totality that the this court can fairly infer that the district court well understood and that at the August 5th hearing what the court was was basically doing was saying okay I get that the kovat that United States you've told me the kovat issue it counsels in favor of 3553 a factors warranting relief in this that's fine but what about everything else and again I think just as a final point if I may your honor just again reiterating the fact that the district court was so familiar with this case and well remembered the nature of the offense in the criminal history I think sort of explains why the district court wanted more explanation from the United States I'm not sure that helps you in the whole context of it but very well when did this party presentation point first appear in this case yeah so I thank you for asking about this case I mean district court it appeared for the first time in the opening brief in this case nothing in the district court ever mentioned it no one ever stood up and said judge you're getting too far with this thing that's correct your honor and if I may just so they expand on that it wasn't preserved is this a kind of a thing that there's that the preservation for appeal well we assert in our done apply to well we asserted we assert plain error in our brief so you say it's reviewed for plain error the party presentation but that's what you say yes sir okay yes it can I explain why I know I'm over time may I just elaborate on that point just for sure okay so there was no party presentation claim raised in the district court and I think this is notable for a couple of reasons one sinning Smith which was not the first party presentation case was decided before the July 2020 motion and before the August 5th hearing and so there's no doubt here that mr. Mangarella's counsel would have been well aware of this and indeed at page 206 of the joint appendix the district court and I'm paraphrasing but asks the parties can I direct the government to go back and that the United States then filed its amended response mr. Mangarella then files a reply brief and which he does not raise a party presentation claim and I think under well set of principles of rule 52 and decisions like the Supreme Court's decision in pocket and Greer there are no exceptions that what would apply to the application of plain error review here now mr. Mangarella in reply the only thing he says is that well sinning Smith in sending Smith the and that's true as far as it goes but that's unsurprising given that the case went to the court from the government on a government cert petition only on the merits of the the Ninth Circuit's First Amendment over breadth challenge party presentation was never addressed by anyone in that case at any time until the Supreme Court's opinion came out and so they're never having been the party presentation but you excuse me the party presentation principle not having been in the case until the Supreme Court's decision it's unsurprising that the court did not talk about plain error view in its decision but for mr. Mangarella's position to be right this court would have to say that sinning Smith sort of party presentation claims are for some reason category exempt from from the language of rule 52 and I think this I think the reason might be as I read sinning Smith it sounded to me like the kind of the violation isn't complete until the district court rules on a ground that goes beyond the way the parties presented the case so that you really you're sort of like your objection isn't right the last step of the violation it's first the district court in that case reaches out beyond what the parties have presented in my hypothetical case instructs a party to reconsider its position that's not the violation the violation is when the court rules on the ground that went so that's kind of your first opportunity to object well I don't know if that's right I mean what what as I read mr. Mangarella's claim the moment at which the district court exceeded its authority was when it asked the United States to go back and take another look at this and mr. Mangarella's view the district court was obligated to stick with the initial submission and if that's the argument that's an argument that well could have been raised that might be his argument but my suggestion is that under the Supreme Court's court in this case said please give me a new brief I don't like your position and then when it had ruled said you know what I'm sticking with the party's original presentations and based on that here's how I'm coming out we would not in fact have a party presentation violation in this case I'm not well I don't know if there would be no party presentation problem or any error would be harmless or be nothing to come I mean I'm not sure who would complain in that circumstance if if the district court you know required the government to I mean we might appeal on the ground that we lost but I don't think we would appeal on the ground that the district court overstepped its authority by asking us and you know one final point is in this case it happened to be that the district court asked the United States provide more information there's no reason to think that in any given and to change lawyers well and to change lawyers not to change lawyers runner just to have a representative from the United States Attorney's Office at the August 5th hearing when the government submitted its amended response it was still the fraud section you're saying it didn't include different sets of lawyer the attorney the US Attorney's Office he wanted to hear from and not DOJ he wanted to hear from the US Attorney's Office principally at the August 5th hearing one of the you he wanted to somebody from the US Attorney's Office in Charlotte to be present in the courtroom when the proceeding was going on correct when I was United States Attorney I always had one in there I don't know why I mean you would show up with a two or three lawyers from Washington without the United States Attorney being represented I'm not I wouldn't have allowed it and I'm not didn't I don't think and unless they threw me out first I can't speak I thought we were all in the same position it's one it's all it's Washington Charlotte wherever they are they're speaking for the government that's that's how we view it your honor but I but just to sort of put the final point on it Chief Judge I agree the district court wanted the United States Attorney or designee to be on the line and principally representing the government at the the August 5th hearing but the amended response was filed by lawyers from the fraud section just like the initial response was and then if I could just I'm well over time I you are I'll sit down thank you well-spoken Mr. Goldman do you have something further yeah yes your honor I have a couple points for mr. tagging I'm sorry no no problem at all your honor I have a couple points for rebuttal first I'm gonna turn to the mr. tiger when did you get into this case I know you're appointed I was appointed about a year ago your honor for the appeal yes your honor you were not in these proceedings that we've been talking about okay my former law firm had represented at the I wasn't so you but your firm was in it my my former law firm I recently switched your former law firm so there is a little bit of continuity there well well there's some you are but I what I would say for now you are on your own in representing yeah yes your honor I'm live here but what I will say is that I agree with judge Harris's position that even if the court had ordered the court fixes is party presentation error by going as the parties initially presented it there would be no error it has to be the final order as well and I would just point the court to to signing Smith I don't have the exact quote but in the holding the court says the drastic departure of the Court of Appeals was an abusive of the from the party presentation principle was an abusive discretion even though no one had raised the issue even at oral argument the court said that abuse discretion was the standard of review and we do think that any sort of objection at the district court would have been some sort of formulaic one that are supposed to object if there's if you see if there's something wrong going on that's what your job is and I'm talking about you you being the fellow back there to the lady the lawyer in the reserve the issue that's the rule that we go by here otherwise it is plain air review so judge King I agree in normal circumstances I think the party presentation errors are a categorical difference because they're pretty rare yeah I've not seen a record very similar to this no courts ever held that you're asking us to plow a new furrow in the law no judge at that point yes you are well judge King I I think signing Smith does hold that and I think that because there was no objection because the Supreme Court did it that's the Supreme Court true true that's the Supreme I'm talking about the proceedings in the district court in the Court of Appeals but I but there's also no cases saying that for party presentation errors that it should be reviewed for plain air review as well your honor I so I I would argue it's satisfies plain air true your honor I mean that's what's going to say is but it is I don't know how you get past claiming it's not plain air review well well like I said your honor I would point was not raised in the district court the district court didn't get a chance to address it so we review it for plain air yeah you can say it's error it's plain it's harmful and it's a disgrace to the judiciary so just then you'd have a plain air claim so judge King I would say I would just point to the court and if the court disagrees with signing Smith and rule 51 be that this would be a formulaic objection like the court has said is not necessary and Lynn though those would be where I would point the court but I also just want to point to the government seems to rely so much on how the process of signing Smith worked but I would also point the court to green law and would as Supreme Court cases where party presentation errors were found and those both had the government or issues be the Court of Appeals address the central issue in the case whether a person should be released in habeas or whether a person prisoner sentence was correct and the court held that there were party presentation errors there as well so it's not just in the case where amici are brought in third I would also point the court to ja 212 j2 10 and j2 6 206 as where the court did direct a reconsideration I know the court said several times it was trying to be informed but as early as ja 192 to 193 I believe the government explained its position that it was conceding extraordinary circumstances it has freedom to to argue that the section 355 3a factors favor release or don't favor release and here they did so and they made several mentions in their brief that of mr. Mangarella's good conduct and why his health conditions favored release here and then finally your honors I would just I think that's my my fellow counsel here may misread Martin and MacDonald I just wanted to read a quote from there about what the district court has to do the district court needs to explain why the attempts of the defendants at rehabilitation are futile that's what the district court did not do here and so for those reasons we asked this court to reverse the district court and remand with instructions to grant the motion thank you honors all right thank you mr. Taggart mr. Goldman and mr. Taggart we note that you're a court opponent on behalf of the Fourth Circuit I want to make a special note of thanks we depend on lawyers like yourself to take these cases and and we appreciate you you're recognizing mr. Goldman's apt representation of the United States with that regretfully we cannot come down and shake your hands as we love to do it and find it one of the charms of the Fourth Circuit matter of fact the only circuit that does it but we are still in the throes obviously of very serious concern in our nation about the health and COVID and we think the best for all present and those not present that we not do it but know very much that we appreciate your being here and we'll give you a virtual handshake thank you so much
judges: Roger L. Gregory, Robert B. King, Pamela A. Harris